BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 18 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PIPER AIRCRAFT DISTRIBUTION   )
SYSTEM ANTITRUST LITIGATION         )   DOCKET NO. 217

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER*,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE
PANEL

PER CURIAM

       Van-S-Aviation Corp., a dealer of products made by Piper Aircraft Corporation, has instituted six actions in six different districts: one each in the Western District of Missouri, the Eastern District of Arkansas, the Northern District of Georgia, the Eastern District of Illinois, the District of Connecticut and the District of South Carolina. Each action was commenced pursuant to 15 U.S.C. §§15 (treble damages) and 26 (injunctive relief) and alleges violations of the Sherman and Robinson-Patman antitrust acts by Piper and certain Piper distributors.

---

\* Although Judges Wisdom, Robson and Becker were unable
to attend the Panel hearing, they have, with the consent
of all parties, participated in this decision.

- 2 -

Plaintiff Van-S-Aviation moves the Panel for an order transferring all actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Muncie Aviation Corp. and Gregory Aviation Co., two of the defendants in the Missouri action, take no position concerning the propriety of transfer other than to maintain that if transfer were deemed appropriate by the Panel, the Western District of Missouri would be the proper forum. While Piper, the remaining defendant in the Missouri action, does not oppose transfer to the Western District of Missouri, it believes that any decision by the Panel to transfer these actions should be stayed until certain motions are decided in each action. The other ten defendants in these actions adopt defendant Piper's position.

We find that these actions involve common questions of fact and that their transfer to the Western District of Missouri for coordinated or consolidated pre-trial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

- 3 -

Under Piper's original two-level distribution system, Piper manufactured and sold aircraft, parts, avionics and accessories directly to Piper distributors or Piper dealers at uniform prices, which enabled the dealers to compete effectively with the distributors. About 1960, Piper and certain of its distributors allegedly revised this distribution scheme in an unlawful manner, requiring that Piper products be sold directly to Piper distributors only and, furthermore, that these commodities be offered to distributors at a lower price than to dealers.

Although most extensive in allegations and named defendants, the Missouri action is representative of the other five actions. Plaintiff commenced this action against Piper and two of its many distributors, Muncie Aviation Corp. and Gregory Aviation Co. Certain Piper distributors are unnamed co-conspirators. The complaint contains allegations that defendants Piper and Muncie separately violated Section 2(a) of the Robinson-Patman Act by selling Piper products at discriminatory prices; that defendants Muncie and Gregory and other Piper distributors violated Section 2(f) of the Robinson-

- 4 -

Patman Act by knowingly receiving Piper commodities at prices discriminatory to Piper dealers; and that defendants Piper, Muncie and Gregory and other Piper distributors violated Section 1 of the Sherman Act by engaging in a combination and conspiracy to restrain trade via a discriminatory pricing system and a boycott, thereby eliminating competition from Piper dealers.

The remaining five actions are brought against certain Piper distributors who are unique to each action. Plaintiff in these actions alleges violations of Section 2(f) of the Robinson-Patman Act and Section 1 of the Sherman Act that are similar to those asserted in the Missouri action.

Plaintiff purports to represent two classes in the Missouri action. The first class -- indicative of the classes desired in the other five actions -- is composed of all formerly and presently authorized Piper dealers located throughout the United States. The second class -- unique to the Missouri action -- consists of all formerly and presently authorized Piper dealers located in the geographic area served by defendant Muncie, who have or had contractual arrangements with Muncie to serve as authorized Piper dealers.

- 5 -

All parties advocating a position agree that the statutory criteria for transfer of these actions under Section 1407 are satisfied and that the Western District of Missouri is the most appropriate transferee forum. Defendant Piper and its supporting defendants disagree with the transfer motion only to the extent that they believe any decision to transfer these actions should not be effectuated until the following motions are decided in their respective districts: (1) motions filed in all six actions opposing plaintiff's filing of the same motion for a class action determination, which was recently denied in an action similar to these six that was commenced in the Southern District of Florida; and (2) a motion in the Missouri action seeking to deny class action certification because of an alleged abuse of Rule 23 by plaintiff's counsel.

These actions clearly involve common questions of fact and we concur with the parties that their transfer to a single forum for coordinated or consolidated pretrial processing is necessary for the most prudent disposition of this entire litigation. Nevertheless, we refuse to follow defendants' suggestion that transfer be

- 6 -

delayed until certain motions have been adjudicated by the respective judges before whom each action is currently pending. As the Panel has held in several past litigations, matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency. See, e.g., <u>In re Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures</u>, 308 F. Supp. 242, 243-44 (J.P.M.L. 1970); <u>In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs</u>, 299 F. Supp. 1403, 1405 (J.P.M.L. 1969); <u>In re Plumbing Fixture Cases</u>, 298 F. Supp. 484, 493-95 (J.P.M.L. 1968).

We also concur with the parties' view that the Western District of Missouri is the most appropriate transferee forum for this litigation. The action pending in this district is the most extensive of the six actions, and it also appears to be the furthest advanced.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and not pending in the Western District of Missouri be,

and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable James H. Gorbey, sitting by designation pursuant to 28 U.S.C. §292(b), for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

Docket No. 217 -- In re Piper Aircraft Distribution System Antitrust Litigation

### EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Van-S-Aviation Corp. v. Memphis Aero Corp., et al. | Civil Action No. LR-75-C-107 |

### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Van-S-Aviation Corp. v. Epervita, Inc. | Civil Action No. C 75-803A |

### EASTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Van-S-Aviation Corp. v. Tufts Edgcumbe, Inc., et al. | Civil Action No. 75-2-050 |

### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Van-S-Aviation Corp. v. E. W. Wiggins Airways, Inc. | Civil Action No. H75-151 |

### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Van-S-Aviation Corp. v. Hawthorne Aero Sales, et al. | Civil Action No. CA75-678 |

### WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Van-S-Aviation Corp. v. Piper Aircraft Corp., et al. | Civil Action No. 73CV614-W-4 |